IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Leroy L. Staton, | ) | |
| | ) | C/A No. 8:19-1805-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Superintendent Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On August 1, 2019, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation recommending that this petition be dismissed with prejudice as successive and untimely. (ECF No. 17). Petitioner was advised of his right to file objections to the Report. *Id.* at 15. Petitioner timely filed objections to the Report. (ECF No. 19).[1]

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

In her Report, the magistrate judge sets forth the background and procedural history relating to

---

[1] Reviewing the docket, there are two separate documents captioned as objections. (ECF Nos. 19, 22). These documents are essentially the same - except one is signed by Petitioner (ECF No. 22), and the other is not (ECF No. 19). The court notes it appears that someone else may have prepared the objections because they are signed and were mailed to the court by Mark Marvin of Walden, New York. (ECF Nos. 19 at 6; 22 at 6). Mr. Marvin also filed an earlier motion for extension (ECF No. 7), which the magistrate judge denied because she determined that it was filed by a non-attorney, and Petitioner cannot be represented by a non-attorney (ECF No. 9 at 1). As Petitioner ultimately filed and signed his objections (ECF No. 22), the court will address them on the merits.

Petitioner's convictions. (ECF No. 17 at 1-4). Petitioner has not objected to this section of the Report. Briefly, Petitioner was convicted of murder, kidnapping, criminal sexual conduct ("CSC") in the first degree, and criminal conspiracy. *Id.* at 2. He was sentenced to life imprisonment for the murder, a consecutive sentence of thirty years imprisonment for the CSC, and a concurrent sentence of five years for criminal conspiracy. *Id.* Petitioner was not sentenced on the kidnapping count because under South Carolina law, where a life sentence is imposed on a murder conviction, a sentence is not to be imposed for a kidnapping conviction. *Id.* His convictions and sentences were affirmed on direct appeal, and the denial of his application for post-conviction relief was also affirmed on appeal. *Id.* at 3. On March 24, 2011, Petitioner filed a petition for habeas relief pursuant to § 2254 in this court, which was dismissed with prejudice as time-barred. *Staton v. Warden Kershaw Corr. Inst.*, No. 8:11-cv-00745-TMC-JDA, 2012 WL 33214 (D.S.C. Jan. 6, 2012). The Fourth Circuit Court of Appeals affirmed this dismissal. *Staton v. Warden Kershaw Corr. Inst.*, 474 Fed. App'x. 129 (4th Cir. 2012).

In her Report, the magistrate judge finds that the instant petition is successive and time-barred. (ECF No. 17 at 13). Further, she determines that Petitioner has failed to show actual innocence and, therefore, is not entitled to the application of equitable tolling. *Id.* Accordingly, she recommends that the court dismiss this habeas petition as successive and barred by the applicable statute of limitations. *Id.*

In his objections, Petitioner contends that the magistrate judge erred in finding this petition is successive because he contends that the issues he is now raising were never adjudicated on the merits. (ECF No. 19 at 1). He further argues that the magistrate judge erred in determining that the evidence he now seeks to rely on is not new evidence. *Id.* He contends that the evidence was unknown to him despite his exercise of due diligence. *Id.* He also argues that the time bar "is unconstitutional because it declares defendants permanently guilty by legislative fiat." *Id.* at 3. Finally, he contends that he is actually innocent. *Id.* at 5.

After reviewing the record, the court finds Petitioner's objections to be without merit. Here, as the magistrate judge noted, this petition is successive. Petitioner previously filed a § 2254 habeas petition

2

and it was denied on the merits. *See Staton*, 2012 WL 33214, at *1.

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *153 § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529–530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656–657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Under the ADEPA, an individual may not file a second or successive 2254 petition for a writ of habeas corpus . . . without first receiving permission to do so from the appropriate circuit court of appeals."). Because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive § 2254 habeas petition, this court is without jurisdiction to consider the petition. *Burton*, 549 U.S. at 152.

Based on the foregoing, the court finds that this petition is successive. Accordingly, the court adopts the report (ECF No. 17) as modified, and the Petition is **DISMISSED without prejudice for lack of jurisdiction and without requiring Respondent to file an answer or return**.[2]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

---

[2]The magistrate judge recommended the court dismiss this action with prejudice. However, because the court lacks subject mater jurisdiction, this action should be dismissed without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[ ] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Accordingly, the court modifies the Report only so that this dismissal is without prejudice.

matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 26, 2019